UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FILOMEY BUSINESS LTD.,

                            Plaintiff,              08 CV 6424 (RJS)

-v-

                                                  **<u>VERIFIED COMPLAINT</u>**

ALTERNATIF SHIPPING & TRADING LTD and
EUROMETAL & SHIPPING NV,
                            Defendants.
------------------------------------------------------------x

       Plaintiff, FILOMEY BUSINESS LTD. (hereinafter "FILOMEY"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendant ALTERNATIF SHIPPING & TRADING LTD (hereinafter "ALTERNATIF") and EUROMETAL &SHIPPING NV (hereinafter "EUROMETAL"), alleges upon information and belief as follows:

## JURISDICTION

       The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1331 and 1333.

## THE PARTIES

       2.     At all times material hereto, Plaintiff, FILOMEY, was and still is a foreign business entity duly organized and existing pursuant to the laws of British Virgin Islands, with a principal place of business at: 24 De Castro Wickhams Cay 1, Road Town, Tortola, British Virgin Islands.

3. At all times material hereto, Defendant, ALTERNATIF, was and still is a foreign business entity duly organized and existing pursuant to the laws of Turkey, with a last known principal place of business at Buyukdere Caddesi Maya Akar Center, B Blok N° 100/102 Kat 16, Esentepe/ Mecidiyekoy – Istanbul, Turkey.

4. At all times material hereto, Defendant, EUROMETAL, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with a last known principal place of business in Netherlands Antilles.

## FACTS AND CLAIM

5. On or about May 12, 2008, Plaintiff FILOMEY, as charterers, and ALTERNATIF, as owners and/or disponent owners of the M/V EUROSTAR, entered into a charter party for the carriage of a scrap cargo from Annaba, Algeria to Nemrut, Turkey or Marmara, Turkey.

6. This charter party is a maritime contract.

7. Pursuant to the terms and conditions agreed between the parties in the contract, the M/V EUROSTAR arrived at the loading port and was preparing to load her intended cargo. However, due to congestion at the load port for scrap cargo, the vessel was going to be delayed for an estimated 10-15 days. In violation of the terms and conditions of the relevant charter party, the Defendant wrongfully demanded Plaintiff to make advance freight payment of USD$80,000.00, and threatened to cancel the charter party if such payment was not received.

8. Despite receiving assurances that all freight and demurrage fees would be paid in accordance with the agreed terms and conditions of the charter party, the

Defendant wrongfully cancelled the charter party and, upon information and belief, cancelled in order to take the ship to load a more profitable cargo.

9. The Defendant wrongfully breached the contract and, as a result, the Plaintiff was forced to fix another vessel, the YASAR KAPTAN 3, to load the scrap cargo.

10. As a result of the Defendant's breach, FILOMEY has been caused to incur additional freight charges of USD$83,000.00 and additional demurrage charges of USD$93,000.00. Additionally, Defendant's breach caused FILOMEY to incur additional expenses to store and to finance the subject cargo, resulting in charges in excess of approximately USD$10,000.00. FILOMEY was also caused to incur incidental charges for agency fees at the load port in the amount of USD$2,405.00 and additional insurance charges of approximately USD$5,000.00. To date, the total amount due and owing to FILOMEY by Defendant is approximately USD$193,405.00.

11. Plaintiff expects it may receive additional claims from third parties for the delays incurred in the carriage of the subject cargo, due to Defendant's wrongful breach of the charter party.

12. Pursuant to the terms of the maritime contract, all disputes arising there under are to be submitted to London arbitration with English law to apply. English law provides that the prevailing party is entitled to interest, costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than USD$75,000.00.

13. Therefore, FILOMEY's total claim for breach of the maritime contract against Defendants is in the aggregate USD$268,405.00.

14. Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant ALTERNATIF and Defendant EUROMETAL, that no separation exists between them and the corporate form of Defendant EUROMETAL has been disregarded such that Defendant ALTERNATIF primarily transacted the business of Defendant EUROMETAL.

15. Upon information and belief, at all material times, Defendant ALTERNATIF, operated in the name of Defendant EUROMETAL such that Defendant ALTERNATIF was the beneficial owner of EUROMETAL.

16. Upon information and belief, EUROMETAL holds itself out as a subsidiary within the "ALTERNATIF" network and/or vice versa.

17. Upon information and belief, ALTERNATIF and EUROMETAL are each one of several entities which is operated, controlled and managed as a single economic enterprise known as "ALTERNATIF."

18. Upon information and belief, among the entities which comprise the "ALTERNATIF" network, including EUROMETAL, there is a commonality of control and management centered with ALTERNATIF and an overlap of officers, directors and employees.

19. Upon information and belief, at all material times, Defendants ALTERNATIF and EUROMETAL, have overlapping ownership, management, personnel and purposes such that said Defendants do not operate at arms length.

20. Upon information and belief, at all material times, Defendants have had common addresses, common contact information such that the Defendants have no independent corporate identity.

21. Upon information and belief, at all material times, there has been an intermingling of funds between Defendants.

22. Upon information and belief, at all material times, Defendant ALTERNATIF has dominated, controlled and used Defendant EUROMETAL for its own purposes such that there is no meaningful difference between the entities.

23. Upon information and belief, at all material times, Defendant ALTERNATIF has disregarded the corporate form of Defendant EUROMETAL to the extent that Defendant ALTERNATIF, was actually carrying on EUROMETAL's business and operations as if the same were its own, or vice versa.

24. Upon information and belief, Defendant ALTERNATIF utilizes the Defendant EUROMETAL, to transfer funds through, to and from the Southern District of New York on its behalf.

25. Upon information and belief, there are reasonable grounds to conclude that the Defendant EUROMETAL is the alter-ego of Defendant ALTERNATIF and, therefore, Plaintiff FILOMEY has a valid prima facie *in personam* claim against Defendant EUROMETAL based upon alter ego liability.

## BASIS FOR ATTACHMENT

26. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like

belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

27. Plaintiff believes that some of these assets, to wit: bank accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendants, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Chase Manhattan Bank, Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and

Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of USD$402,607.50[1] to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

    C.    That judgment may be entered in favor of Plaintiff on its First Cause of Action (Breach of Contract); and

    D.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
       July 17, 2008

                        CHALOS & CO, P.C.
                        Attorneys for Plaintiff,
                        FILOMEY BUSINESS LTD.

By: _____
                        George M. Chalos (GC-8693)
                        123 South Street
                        Oyster Bay, New York 11771
                        Tel: (516) 714-4300
                        Fax: (866) 702-4577
                        Email: gmc@chaloslaw.com

---

[1] Plaintiff respectfully advises that pursuant to Supplemental Rule E(5)(a), Plaintiff is entitled to obtain security of up to twice the amount of its claim. Here, Plaintiff has simply asked this Honorable Court to permit Plaintiff to obtain security in the amount of 150% of the Plaintiff's claim in order to adequately secure Plaintiff for its claim for, inter alia, costs, fees and interest, all of which are continuing to accrue.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
FILOMEY BUSINESS LTD.,

                              Plaintiff,                            08 CV 6424 (RJS)

-v-

                                                            **VERIFICATION OF**
                                                            **COMPLAINT**

ALTERNATIF SHIPPING & TRADING LTD and
EUROMETAL & SHIPPING NV,
                              Defendants.
-----------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.       I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, FILOMEY BUSINESS LTD., herein;

       2.       I have read the foregoing Verified Complaint and know the contents thereof; and

       3.       I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.       The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
   July 17, 2008

              CHALOS & CO, P.C.
              Attorneys for Plaintiff
              FILOMEY BUSINESS LTD.

          By: _____
              George M. Chalos (GC-8693)
              123 South Street
              Oyster Bay, New York 11771
              Tel: (516) 714-4300
              Fax: (866) 702-4577
              Email: gmc@chaloslaw.com